IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CLEDITH WAYNE HALSTEAD,

          Plaintiff,

v.                                    CIVIL ACTION NO. 3:18-0586

RES-CARE, INC.,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Motion for Summary Judgment submitted by Defendant ResCare, Inc. ECF No. 27. Plaintiff alleges, in his complaint, claims against Defendant under two causes of action: age discrimination, in violation of the West Virginia Human Rights Act ("WVHRA"), and sex discrimination, also in violation of the WVHRA. *See Compl.*, ECF No. 1-2, at 2–3. Defendant now moves for summary judgment on both counts for three reasons. *Mem. in Supp. of Def.'s Mot. for Summ. J.*, ECF No. 28, at 10. First, because Plaintiff has failed to state a prima facia case of age or sex discrimination. *See id.* at 10. Second, because, even if Plaintiff has stated a prima facia case of age or sex discrimination, Defendant had a legitimate reason for not hiring Plaintiff. *See id.* at 14. Third, because there is no evidence that Defendant's reasons were pretextual. *See id.* at 15.

The parties have fully briefed the issues and the motion is now ripe for adjudication. As explained below, the Court **DENIES** Defendant's Motion for Summary Judgment.

**I. Background**

Because Defendant has moved for summary judgment, the Court will view the following facts and their inferences in the light most favorable to Plaintiff.[1] Defendant provides in-home healthcare, rehabilitation, and other assistance services to intellectually and cognitively disabled people. *See Mem. in Supp. of Def.'s Mot. for Summ. J.*, at 1–2. Plaintiff had been in a supervisory position with Defendant since 1991. *See Dep. of Halstead*, ECF No. 29-1, at 2–5. Plaintiff became the area program manager in 2000, and while his job title varied, his duties remained the same for the next seventeen years. *See id.* at 4–5, 15. On October 8, 2015, while working at Defendant's Charleston/Dunbar location, Plaintiff received his first and only written discipline from Defendant. *See id.* at 6–9; ECF No. 29-3.

Following this discipline, Plaintiff applied to transfer to Defendant's Huntington location at the request of Anna Beavers, the executive director at that location. *See Dep. of Halstead*, at 8–10. Ms. Beavers knew Plaintiff because she had previously served as the executive director at the Charleston/Dunbar location and supervised Plaintiff there. *See id.* at 6–7. Plaintiff then began working as a program manager at the Huntington location on October 12, 2015. *See id.* at 8–9.

In March of 2017 Defendant made the decision to combine its Huntington and Barboursville locations into one office. *Dep. of Riggins*, ECF No. 29-2, at 2. Tom Riggins, Defendant's regional director of the Huntington and Barboursville locations, oversaw the consolidation. *See id.* at 3. All management-level employees at the Huntington and Barboursville locations were notified that their positions were being eliminated, but that they could apply for a position at the new location if they desired. *See id.* at 6. Mr. Riggins' first decision was to hire Ms. Beavers as the post-consolidation executive director at the new location. *See id.* at 4. Mr. Riggins

---

[1] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

and Ms. Beavers then proceeded to fill the rest of the post-consolidation management staff. *See id.* at 8. Plaintiff was not hired as part of the management staff, and each employee hired to the management team was female. *See* ECF No. 29-9. Additionally, the three program managers hired—April Lucas, Megan Ray, and Ashley Wellman—were 37, 32, and 27 years old, respectively. ECF No. 29-10. Plaintiff, on the other hand, is a male, and was a 59-years-old at the time of the consolidation. *See Compl.*, at ¶ 11. Further, Plaintiff claims that during the consolidation, Kathy Myers, the Human Resources manager, suggested to him that Defendant may fire him because of his age.[2] *See Dep. of Halstead*, at 19–20. Ms. Myers denies this allegation. *See* ECF No. 27-9.

Plaintiff subsequently filed a complaint against Defendant on March 15, 2018, in the Circuit Court of Cabell County, West Virginia, alleging age and sex discrimination. *See Compl.* Defendant then removed the case to this Court on April 18, 2018, and filed the pending motion for summary judgment on March 6, 2019. *See Notice of Removal*, ECF No. 1; *Def's Mot. for Summ. J.*, ECF No. 27.

## II. Standard of Review

To obtain summary judgment, the moving party must show that no genuine issue as to any material fact remains and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, a court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, a court will draw any permissible inference from the underlying facts in the light most

---

[2] Defendant claims that the Court should not consider this testimony because it is hearsay. *See Mem. in Supp. of Def.'s Mot. for Summ. J.*, at 13. The Court disagrees, as Ms. Myers was an employee of Defendant when she made the statement and the statement concerned an issue within the scope of her employment. *See* Fed. R. Evid. 801(d)(2)(D) (stating that a statement is not hearsay when it is offered against an opposing party and "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed.").

favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). Any inference, however, "must fall within the range of reasonable probability and not be so tenuous as to amount to speculation or conjecture." *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001) (citation omitted). Therefore, summary judgment will not be granted if a reasonable jury could return a verdict for the non-moving party on the evidence presented. *See Anderson*, 477 U.S. at 247–48.

**III. Discussion**

The WVHRA prohibits employers from discriminating against individuals based upon, among other characteristics, their age[3] and sex. *See* W. Va. Code § 5-11-2. In *McDonnell Douglas Corp. v. Green*,[4] the United States Supreme Court created a three-step burden-shifting test for Title VII employment discrimination cases, and the West Virginia Supreme Court has adopted this three-step test for cases such as this. *See Knotts v. Grafton City Hosp.*, 786 S.E.2d 188, 194 (W. Va. 2016).

"The first step under *McDonnell Douglas* is to determine whether the plaintiff has made a prima facie case of discrimination." *Knotts*, 786 S.E.2d at 194. If the first step is satisfied then the court moves to the second step, where "the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the negative action taken against the complainant." *Id.* Finally, if this second step is met, the third step requires that the plaintiff "prove that the employer's reason was pretextual." *Id.*

**A. Whether Plaintiff Has Stated a Prima Facia Case for Sex or Age Discrimination**

Defendant first argues that it is entitled to summary judgment on Plaintiff's sex and age discrimination claims because "Plaintiff has failed to state a prima facie case of age or sex

---

[3] The WVHRA defines "age" as "the age of forty or above." W. Va. Code § 5-11-3(k).
[4] 411 U.S. 792 (1973).

discrimination." *See Mem. in Supp. of Def.'s Mot. for Summ. J.*, at 10. Based on the evidence presented, the Court disagrees with Defendant, and finds that Plaintiff clearly has stated a prima facia case of both sex and age discrimination.

To state a prima facia case of employment discrimination, a plaintiff must prove the following three elements: (1) the plaintiff is a member of a protected class; (2) the employer made an adverse decision concerning the plaintiff; and (3) but for the plaintiff's protected status, the adverse decision would not have been made. *See Conaway v. Eastern Associated Coal Corp.*, 358 S.E.2d 423, 429 (W. Va. 1986). The West Virginia Supreme Court has explained how a plaintiff can prove the third element—the "but for" requirement—of the prima facia test:

> Because discrimination is essentially an element of the mind, there will probably be *very little direct proof* available. *Direct proof, however, is not required*. What is required of the plaintiff is to show some evidence which would sufficiently link the employer's decision and the plaintiff's status as a member of a protected class so as to give rise to an inference that the employment decision was based on an illegal discriminatory criterion. This evidence could, for example, come in the form of an admission by the employer, a case of unequal or disparate treatment between members of the protected class and others by the elimination of the apparent legitimate reasons for the decision, or statistics in a large operation which show that members of the protected class received substantially worse treatment than others.

*Id.* at 429–30 (emphasis added).

Additionally, the West Virginia Supreme Court made clear that the "but for" test "is merely a threshold inquiry, requiring only that a plaintiff show an inference of discrimination." *Barefoot v. Sundale Nursing Home*, 457 S.E.2d 152, 161 (W. Va. 1995).

Relevant to this case, a plaintiff may satisfy the "but for" test in an age discrimination claim under the WVHRA merely by "presenting evidence that he … was replaced by a 'substantially younger' employee." *Knotts*, 786 S.E.2d at 198. While there is no bright line rule for determining

what qualifies as a "substantially younger" employee, age differences of "'ten or more years have generally been held to be sufficiently substantial' to satisfy the 'substantially younger' rule." *See id.* at 198–99.

In this case, Defendant concedes that Plaintiff has proven the first two elements of the prima facia test. *See Mem. in Supp. of Def.'s Mot. for Summ. J.*, at 11. Thus, the only question before this Court regarding the first step under *McDonnell Douglas* is whether Plaintiff has stated evidence that suggests he would have been hired by Defendant if he was younger than 40 years old or a female.

### 1. Age Discrimination

Plaintiff has stated enough evidence to show an inference that he would have been hired by Defendant if he was younger than 40 years old. As explained above, in an age discrimination claim under the WVHRA, a plaintiff may satisfy the "but for" test merely by "presenting evidence that he … was replaced by a 'substantially younger' employee." In this case, it is undisputed that Plaintiff's replacement, Ashley Wellman, was 27 years old, and thus 32 years younger than Plaintiff when she replaced him. *See Reply Mem. in Supp. of Mot. for Summ. J.*, ECF No. 33, at 2; ECF No. 29-10. Because a 27-year-old is "substantially younger" than a 59-year-old, it seems clear that Plaintiff has stated a prima facia case for age discrimination.

Defendant, however, argues that *Knotts* does not stand for the proposition that an age difference between a plaintiff and his replacement alone can be sufficient to establish a prima facie case of discrimination. *See Reply Mem. in Supp. of Mot. for Summ. J.*, at 6. Rather, Defendant argues that *Knotts* only adopts the view that "the relevant barometer for age discrimination claims is whether the replacement employee is 'substantially younger' than the plaintiff, rather than a bright-line test of whether they are inside or outside of the protected class." *Id.* The Court finds

this argument to be a distinction without a difference. First, "the relevant barometer for age discrimination claims" is merely a different way of stating "a prima facia case of age discrimination." Second, *Knotts* directly states the following: "[A] plaintiff ... pursuing an age discrimination claim under the WVHRA, *may satisfy the third prong of the prima facie age discrimination test ... by presenting evidence that he/she was replaced by a 'substantially younger' employee.*" *Knotts*, 786 S.E.2d at 198 (emphasis added). The Court finds it illogical to argue, as Defendant does, that this statement does *not* mean "an age difference between the Plaintiff and Ms. Wellman is sufficient to establish a prima facie case of discrimination." *Reply Mem. in Supp. of Mot. for Summ. J.*, at 6. While Defendant cites two cases[5] to support its position that age difference alone is insufficient to establish a prima face case of age discrimination, both cases were decided before *Knotts*, and neither held that a prima facia case could not be established by showing replacement by a "substantially" younger employee. *See Ratliff*, 2012 WL 2862567 at *11; *Smith*, 516 S.E.2d at 280–81. Thus, the Court disagrees with Defendant, and holds that Plaintiff has stated a prima facia case of age discrimination.[6]

**2. Sex Discrimination**

Plaintiff has also stated evidence to show an inference that he would have been hired by Defendant if he was a female. For example, the program manager who directly replaced Plaintiff, Ashley Wellman, was female, and had significantly less experience.[7] *See Dep. of Riggins*, at 13; ECF No. 29-10. Additionally, Plaintiff asserts that he did not limit his application to only one

---

[5] *Ratliff v. Gymboree Operations, Inc.*, Civil Action No. 2:11-cv-00562, 2012 WL 2862567 (S.D. W. Va., July 11, 2012); *Smith v. Sears, Roebuck, and Co.*, 516 S.E.2d 275 (W. Va. 1999).

[6] Even *if* hiring a substantially younger employee was not sufficient to demonstrate a prima facia case of age discrimination, the fact that the substantially younger employee in this case *also* had significantly less experience than Plaintiff would be sufficient to establish a prima facia case.

[7] Ms. Wellman had never been a program manager, whereas Plaintiff had been a program manager for almost two decades. *Dep. of Halstead*, at 21.

program manager position, but rather applied for all available program manager positions, and he was not chosen for any of them. *Dep. of Halstead*, at 22–23. Importantly, females April Lucas and Megan Ray were selected for the other two program manager positions, and those females also had less experience than Plaintiff. *See Dep. of Beavers*, at 99–102; ECF No. 29-11. Finally, there is evidence that the only other management employee who applied for a post-consolidation position and was not retained through the consolidation was also male. *See Dep. of Riggins*, at 5. This evidence demonstrates that females were treated more favorably than males, and as stated above, evidence of discrimination can "come in the form of … disparate treatment between members of the protected class and others …."

Defendant essentially argues that none of these above facts can demonstrate a prima facia case for sex discrimination because it has counterevidence for each fact.[8] *See Reply Mem. in Supp. of Mot. for Summ. J.*, at 6–7. However, such an argument is irrelevant at this stage of the proceedings, as this Court cannot weigh the evidence or determine the truth of the matter. Thus, drawing all permissible inferences from the facts above in the light most favorable to Plaintiff, the Court finds that he has shown an inference that he would have been hired by Defendant if he was female. Therefore, Plaintiff has stated a prima facie case of sex discrimination.

### B. Whether Defendant's Reasons for Not Hiring Plaintiff are Pretextual

Defendant next argues that, even if Plaintiff can state a prima facia case for age and sex discrimination, it is entitled to summary judgment because Defendant has nondiscriminatory reasons for not hiring Plaintiff and Plaintiff cannot prove that its reasons are pretextual. *See Mem. in Supp. of Def.'s Mot. for Summ. J.*, at 14–16. The Court disagrees.

---

[8] For example, Defendant claims that Plaintiff did not apply for all program manager positions, but instead asked to be considered only for the Waiver Program Manager position. *See Reply Mem. in Supp. of Mot. for Summ. J.*, at 2–3.

As stated earlier, the West Virginia Supreme Court adopted a three-step burden-shifting test for discrimination cases such as this. Having addressed the first step above—whether Plaintiff has stated a prima facia case for discrimination—the Court now moves to the final two steps. As a reminder, under the second step, "the burden of production shifts to the employer to articulate some legitimate, nondiscriminatory reason for the negative action taken against the complainant," and if this second step is met, the third step requires that the plaintiff "prove that the employer's reason was pretextual." *Knotts*, 786 S.E.2d at 194. A plaintiff may prove pretext "by showing that [the employer's] proffered reason is not worthy of belief." *Williams v. Staples, Inc.*, 372 F.3d 662, 669 (4th Cir. 2004).

Defendant asserts that it has satisfied the second step because it had a legitimate, non-discriminatory reason for not hiring Plaintiff as program manager of the post-consolidation Huntington facility. *See Mem. in Supp. of Def.'s Mot. for Summ. J.*, at 14. Defendant claims that this nondiscriminatory reason was Plaintiff's "weakness in the budgeting and billing functions of the job, and their increased salience to the Program Manager position post-consolidation." *Id.* at 15. Based on the evidence in the record, Plaintiff does not dispute that Defendant has satisfied its burden of articulating a legitimate, nondiscriminatory reason for not hiring Plaintiff. *See Resp. in Opp. to Def.'s Mot. for Summ. J.*, ECF No. 29, at 16–17. Thus, the only remaining question before this Court is whether Plaintiff can offer evidence to prove that Defendant's reason is pretextual.

**1. Age Discrimination**

Regarding Plaintiff's age discrimination claim, the Court holds that Plaintiff has set forth enough evidence that could convince a trier of fact that Defendant's reason for failing to hire him is pretextual. As stated earlier, Plaintiff claims that the Human Resources manager suggested to Plaintiff that Defendant may fire him because of his age. This fact, when combined with the fact

that Plaintiff was replaced by a substantially younger employee with less experience,[9] is enough to prove that Defendant's proffered reasons for why it did not hire Plaintiff are not worthy of belief.[10] Therefore, the Court denies Defendant's motion for summary judgment as to Plaintiff's age discrimination claim.

**2. Sex Discrimination**

Regarding Plaintiff's sex discrimination claim, the Court again finds that there is enough evidence to convince a trier of fact that Defendant's reasons for failing to hire Plaintiff are pretextual. As a reminder, Defendant claims that it did not hire Plaintiff because of his weakness in billing and budgeting. More specifically, Ms. Beavers claims that she did not hire Plaintiff as a program manager after the consolidation because Plaintiff's issue with billing and budgeting would be *magnified* due to the program manager's increased responsibility in billing and budgeting. *See Dep. of Beavers*, at 30–31. Ms. Beaver's testified that part of this increased responsibility is due to removal of support staff. *See id.* However, it appears that these assertions are contradicted by evidence in the record. Defendant's own organizational flow chart shows that the support staff for the new program manager would actually increase, and the new program manager would have additional "QIDP managers" working under it. *See* ECF Nos. 29-6, 29-7. Importantly, at least one QDIP manager in the past, Ashley Wellman, had performed billing and budgeting functions. *See* ECF No. 29-8; *See Dep. of Riggins*, at 13–15, 19–21; *Dep. of Beavers*, at 67–69. Notably, Defendant does not address this inconsistency raised by Plaintiff in its reply. *See Reply Mem. in Supp. of Mot. for Summ. J.*, at 1–8.

---

[9] In determining whether an employer's proffered explanation is pretextual, a court "may still consider the evidence establishing the plaintiff's prima facie case, and the reasonable inferences drawn therefrom." *Williams*, 372 F.3d at 669.

[10] Additionally, the evidence of pretext discussed in the following section also applies with equal weight to Plaintiff's age discrimination claim.

Given the evidence that the new program manager has even more support than it did in the past, a reasonable inference could be made that the new position would have even *less responsibility* in billing and budgeting than it did before consolidation. Therefore, because Defendant claims that it did not hire Plaintiff, in large part, because of the *increased responsibility* in billing and budgeting, Plaintiff has asserted sufficient evidence to prove pretext.[11] While Defendant may have rational explanations or defenses for this inconsistency,[12] such explanations should be heard by a jury, and cannot be weighed by the Court at this stage of the proceedings. Therefore, the Court denies Defendant's motion for summary judgment as to Plaintiff's age and sex discrimination claims.

**IV. Conclusion**

Based upon the analysis provided above, the Court **DENIES** Defendant's Motion for Summary Judgment. ECF No. 27.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: April 24, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[11] While this evidence by itself is sufficient, other evidence also demonstrates that Defendant's explanation for failing to hire Plaintiff may not worthy of belief. For example, despite Defendant's claim that Plaintiff had difficulty with billing or budgeting, Plaintiff only received one written discipline in all the years he worked for Defendant. Additionally, there are inconsistencies in the testimony of Ms. Beavers and Mr. Riggins. For example, Ms. Beavers stated that she believed Ms. Wellman was qualified to do billing and budgeting based entirely on Mr. Riggins' opinion, but Mr. Riggins testified that he did not know whether Ms. Wellman did billing or budgeting before her interview. *See Dep. of Riggins*, at 19; *Dep. of Beavers*, at 71–72.

[12] For example, it appears as though Ms. Beavers claims that the flow chart is inaccurate. *See Dep. of Beavers*, at 25–26, 56–60, 67–68.