# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

CLEDITH WAYNE HALSTEAD,

      Plaintiff,

v.                              CIVIL ACTION NO.  3:18-0586

RES-CARE, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion in Limine to Exclude Evidence of Any Alleged Future Lost Wages. ECF No. 41. In its motion, Defendant argues that this Court should exclude any of Plaintiff's evidence related to future lost income because "expert testimony is necessary to establish future lost earning capacity," but Plaintiff has no expert witnesses. *See id.* at 1. Because Defendant misrepresents the law, the Court disagrees, and denies its motion.

As part of his damages in this discrimination case, Plaintiff intends to seek what is known as "front pay." *See Resp. in Opp. to Def.'s Mot. in Limine*, ECF No. 51, at 1. Front pay "means the wages that an employee would have earned, had the employee not suffered from an adverse employment action, from the time of trial through a future date," and is essentially used as a substitute for reinstatement. *See* W. Va. Code § 55-7E-1(b); § 55-7E-2(a)(2) and (3). Plaintiff does not intend to use any expert testimony for these "front pay" damages, and Defendant argues that this fact necessarily excludes him from introducing front pay evidence. *See Def.'s Mot. in Limine*, ECF No. 41, at 1. The Court disagrees with Defendant, because there is no support for the proposition that expert testimony is necessary in this case.

In support of its position that expert testimony is required to establish front pay, Defendant cites to a case which explicitly holds the opposite, stating that, "[u]nder *Adkins v. Foster* … the Supreme Court of Appeals of West Virginia held in part, 'although expert economic evidence *may not be necessary* in every case, an instruction regarding appropriate reduction of the awards present value should be presented ….'" *See Def.'s Mot. in Limine*, at 1–2 (emphasis added). Further, various circuits have explicitly "decline[d] to adopt an absolute rule mandating the presentation of expert testimony in every instance in determining future pay." *See Franchina v. City of Providence*, 881 F.3d 32, 59 (1st Cir. 2018); *Maxfield v. Sinclair Int'l*, 766 F.2d 788, 797 (3d Cir. 1985); *Bonura v. Sea Land Serv., Inc.*, 505 F.2d 665, 668–69 (5th Cir. 1974).

While Defendant also argues that the "West Virginia Supreme Court … held … that to establish a lost future income or wages' claim, 'the evidence must show: (1) the amount of wages lost for some determinable period; and (2) the future period over which wages will be lost,'" Defendant cites no support for the proposition that an expert is necessary to show these two requirements.[1] *See Def.'s Mot. in Limine*, at 2. In fact, the West Virginia Code states that "[t]he amount of front pay, if any, to be awarded shall be an issue for the trial judge to decide," and the First Circuit noted that expert testimony may be unnecessary because these trial judges "are routinely called upon to make front pay calculations and are presumed to be more knowledgeable about necessary reductions to present day value and how to make them." *See* W.Va. Code § 55-7E-3; *Franchina*, 881 F.3d at 60.

Thus, Defendant has provided no support for the proposition that expert testimony is

---

[1] Defendant also asserts that "Plaintiff must establish permanency in the Plaintiff's inability to earn that is directly related to the loss of employment with the Defendant with reasonable certainty," and makes this assertion without citation to any authority. *See Def.'s Mot. in Limine*, at 1.

necessary to establish front pay under West Virginia law, and because this is a relatively simple case of gender and age discrimination, the Court agrees with Plaintiff that the "issue of front pay in this case is simply not so complicated that an expert is necessary."[2] For these reasons, the Court **DENIES** Defendant's Motion in Limine to Exclude Evidence of Any Alleged Future Lost Wages (ECF No. 41).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:     July 30, 2019

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] Defendant chose not to file a reply to Plaintiff's response.